UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOFONIAS ALFARO REYES,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, Warden of<br>Otay Mesa Detention Center,<br><br>Respondent. | Case No.: 3:26-cv-02460-RBM-AHG<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. 1]** |

Pending before the Court is Petitioner Sofonias Alfaro Reyes's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging the lawfulness of his detention by United States Immigration and Customs Enforcement. (Doc. 1.)  For the reasons below, the Court **GRANTS** the Petition.

## I.   BACKGROUND

Petitioner is a citizen of Honduras who entered the United States in 2006.  (*Id.* ¶ 16.) He was issued a Notice to Appear charging him as inadmissible under Immigration and Nationality Act § 212(a)(6)(A)(i), and placed in removal proceedings, on March 8, 2010. (*Id.*)  The immigration judge denied Petitioner's applications for relief and ordered him removed to Honduras in or around 2017.  (*Id.* ¶¶ 17–18.)  On June 9, 2021, Petitioner married his United States citizen wife.  (*Id.* ¶ 19.)  "Based on his marriage and defective

Notice to Appear, [Petitioner] filed a motion to reopen his removal case in order to apply for cancellation of removal for certain non-permanent residents (EOIR-42B)." (*Id.* ¶ 20.) The Board of Immigration Appeals granted that motion on February 24, 2022. (*Id.*)

On September 9, 2022, Petitioner's wife filed an I-130 petition with United States Citizenship and Immigration Services ("USCIS"). (*Id.* ¶ 21.) Consequently, the Executive Office of Immigration Review administratively closed Petitioner's removal case so that he could file an I-601A waiver after the I-130 petition was approved. (*Id.* ¶ 22.) Petitioner's final individual hearing was scheduled for June 11, 2029 in the San Francisco Immigration Court. (*Id.* ¶ 24.)

However, on February 17, 2026, Petitioner was stopped at a traffic checkpoint by immigration officers and detained. (*Id.* ¶ 25.) Petitioner was transferred to Otay Mesa Detention Center, where he remains to this day. (*Id.* ¶ 26.) Petitioner requested a bond hearing while detained but was not provided one, as the immigration judge found that they lacked jurisdiction. (*Id.* ¶¶ 26–27.)

On April 17, 2026, Petitioner filed his Petition. (Doc. 1.) The Court set a briefing schedule that same day. (Doc. 2.) Respondents filed their Return to Petition for a Writ of Habeas Corpus on April 24, 2026. (Doc. 5.) Petitioner was authorized to file a reply on or before May 11, 2026, but did not file one.

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

### III.   DISCUSSION

Petitioner argues that his detention violates 8 U.S.C. § 1226(a), the Administrative Procedure Act, and the Fifth Amendment's Due Process Clause. (Doc. 1 ¶¶ 76–88.) He seeks immediate release or a prompt § 1226(a) bond hearing. (*Id.*, Prayer for Relief.) Respondents argue that Petitioner is subject to mandatory detention under § 1225(b), but "acknowledge[ ] that this Court's prior decisions will control the result here . . . , as the facts are not materially distinguishable . . . , and on that basis [do] not oppose the petition and defer[ ] to the Court on the appropriate relief." (Doc. 5 at 2.)

The Court has granted petitions filed by similarly-situated petitioners. *See, e.g.*, *Silvestre-Mendoza v. Noem*, Case No.: 3:25-cv-03206-RBM-DDL, 2025 WL 3512410, at *1–2 (S.D. Cal. Dec. 8, 2025). In that decision, the Court found that "'a proper understanding of the relevant statutes, in light of their plain text, overall structure, and . . . case law interpreting them, compels the conclusion that § 1225's provisions for mandatory detention of noncitizens seeking admission [do] not apply to someone like [the petitioner],' who has been residing in the United States" for several years. *Id.* at *1 (quoting *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025)). The Court incorporates its reasoning in *Silvestre-Mendoza*, and makes the same findings, here.

There is no dispute that Petitioner was detained on February 17, 2026 in the interior of the United States, after having resided here for 20 years and having had his removal case administratively closed. (Doc. 1 ¶¶ 21–25.) Therefore, the discretionary detention procedures of § 1226 govern Petitioner's detention, and the Petition must be granted. The Court also finds that immediate release, rather than a bond hearing, is the appropriate remedy. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021) ("if Petitioner is detained, he will already have suffered the injury he is now seeking to avoid"); *Domingo v. Kaiser*,

Case No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner[] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion; that is, his potentially erroneous detention.").

## IV.   CONCLUSION[1]

For the foregoing reasons, the Petition is **GRANTED**.  Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody.

2. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner shall receive a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted.  Respondents shall bear the burden of establishing, by clear and convincing evidence,[2] that Petitioner poses a danger to the community or a risk of flight.[3]

**IT IS SO ORDERED.**

DATE:  May 13, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[1]  In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.

[2]  *See Sadeqi v. LaRose*, 809 F. Supp. 3d 1090, 1095 (S.D. Cal. 2025) ("Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify her continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released.") (citing *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) (explaining that "the substantial liberty interest at stake" warranted placing the burden on the government to "prove by clear and convincing evidence that [a noncitizen] is a flight risk or a danger to the community to justify denial of bond").

[3]  This relief has been granted in similar matters.  *See E.A. T.-B*, 795 F. Supp. 3d at 1324; *Duong v. Kaiser*, 800 F. Supp. 3d 1030, 1043–44 (N.D. Cal. 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1119–20 (E.D. Cal. 2025).

3:26-cv-02460-RBM-AHG